**DAVID A. ROCKER, OSB #94421**
davidrocker@dwt.com
**SHEILA F. MORRISON, OSB #03262**
sheilamorrison@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **NEWPORT PACIFIC CORPORATION** and **MO'S ENTERPRISES, INC.**, | Case No. _____ |
| **PLAINTIFFS**, | **COMPLAINT FOR DAMAGES AND INJUNCTION FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, CANCELLATION OF REGISTRATIONS, AND RELATED STATE UNFAIR COMPETITION CLAIMS** |
| v. | |
| **MOE'S SOUTHWEST GRILL, LLC;** and **WRAPS OF THE NORTHWEST, LLC,** | |
| **DEFENDANTS**. | **DEMAND FOR JURY TRIAL** |

Plaintiffs Newport Pacific Corporation and Mo's Enterprises, Inc. allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Lanham Act, 15 U.S.C. §1051, et seq., and the laws of the State of Oregon.

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because it arises under the Trademark Laws of the United States, 15 U.S.C.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

§§ 1051-1127. This action also asserts claims under the common law of Oregon, which claims are so related to the federal question and trademark claims that they form part of the same case and controversy, and hence fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the value of the matter in controversy exceeds the amount of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3.       Venue over this action lies in the District of Oregon pursuant to 28 U.S.C. § 1391(b) and (c), in that this cause of action arises from the transaction of business in Oregon, or alternatively, out of a tortious act committed in Oregon or with expected consequences within this state; therefore, this Court has personal jurisdiction over the defendants.

## FACTUAL BACKGROUND

4.       Newport Pacific Corporation is an Oregon corporation with its principal place of business in Newport, Oregon.

5.       Mo's Enterprises, Inc. is an Oregon corporation with its principal place of business in Newport, Oregon.

6.       Newport Pacific Corporation and Mo's Enterprises, Inc. will be referred to in this complaint collectively as "Mo's."

7.       On information and belief, defendant Moe's Southwest Grill, LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

8.       On information and belief, defendant Wraps of the Northwest, LLC is an Oregon limited liability company with its principal place of business in Atlanta, Georgia.

9.       Defendant Moe's Southwest Grill, LLC and defendant Wraps of the Northwest, LLC will hereinafter be referred to collectively in this complaint as "MSG".

10.     Mo's owns and operates six restaurants on the Oregon coast. All six of the restaurants are called "Mo's." There are two Mo's in Newport, Oregon; one Mo's in Florence, Oregon; one Mo's in Cannon Beach, Oregon; one Mo's in Lincoln City, Oregon; and one at

Page 2 - COMPLAINT

Devil's Punch Bowl in Otter Rock, Oregon. Combined these six Mo's restaurants serve over 1.3 million customers annually. These customers come from all fifty United States and from many foreign countries.

11.     The first Mo's restaurant was opened over 50 years ago in Newport, Oregon, by Mo Niemi. She remained active in the business until 1987. Her granddaughter, Cindy, and her great-granddaughter, Gabrielle, are both owners and remain active in the business. The Mo's name and trademark have been continuously used to identify the Mo's restaurants since Mo Niemi opened the first Mo's in Newport in 1952. Mo's restaurants have become a landmark on the Oregon coast, and the Mo's name and trademark have become famous. Mo's has been prominently featured in the media since the 1950's when Mo Niemi hosted her own popular radio program. In addition to multiple write-ups in every significant Northwest newspaper and magazine, Mo's has been prominently featured in travel books, magazines with national distribution, and the travel sections of at least 20 different newspapers throughout the United States. Mo's has been featured in *Sunset* Magazine, *Travel Host* Magazine, *Outside* Magazine, American Airlines' in flight magazine the *American Way*, and many others. News articles featuring Mo's have appeared in the *New York Times*, the *Los Angeles Times*, and the *Chicago Tribune*. These publications have referred to Mo's restaurants as "legendary," "famous," and "a true landmark on the Oregon coast."

12.     Mo's has been prominently featured on television as well, including an extended piece about Mo's that aired on PBS and one carried by The Food Network in the United States and Canada.

13.     The millions and millions of Mo's customers have included world famous movie stars, politicians, and sports legends; many of whom have lent their luster to Mo's through correspondence, photo ops, and repeat visits. Mo's owners and principals have won numerous local and national awards, and have been invited to the White House.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

14.    Public opinion studies have identified Mo's as one of the main attractions on the Oregon coast, and the reams of comment cards and correspondence received from its customers reveals the national reach of the brand.

15.    In addition to operating the collection of six restaurants on the coast, Mo's also markets its clam chowder base nationally through supermarket and internet sales.  Mo's has shipped Mo's chowder to all fifty states, the District of Columbia, and the U.S. Virgin Islands. And in 1999 Mo's clam chowder was a featured entree at the first luncheon ever held in the Smithsonian Institute, which celebrated "Best American Regional Foods."

16.    MSG has been cloning a chain of "fast-casual" Mexican restaurants for about five years.  MSG calls its restaurants "Moe's."

## MO'S TRADEMARKS

17.    Mo's has trademark rights in the terms **MO'S** and **HI, WELCOME TO MO'S.**

18.    **MO'S** is registered as a trademark in the United States Patent and Trademark Office.  Mo's owns the following trademark registrations:

| Mark | Goods/Services | Reg. No. | Reg. Date |
|------|----------------|----------|-----------|
| MO'S | "restaurant services" and "seafood and soup mixes" | 1,411,530. | September 30, 1986 |
| MO'S | glassware | 2,214,531 | December 29, 1998 |
| MO'S | clothing | 2,587,019 | July 2, 2003 |

19.    The **MO'S** federal registration for **MO'S** for "restaurant services" and "seafood and soup mixes" is incontestable.

20.    **MO'S** is registered as a trademark with the Oregon Secretary of State.  Mo's owns Oregon State Registration No. T-26155.

21.    **HI, WELCOME TO MO'S** is the operation's ubiquitous greeting and tag line. Since as early as 1986, every visitor to a Mo's restaurant is greeted with a smile and a friendly "Hi, Welcome to Mo's."  In addition, **HI, WELCOME TO MO'S** appears on Mo's advertising, gift certificates, and promotional items.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

22.    The **MO'S** and **HI, WELCOME TO MO'S** trademarks, (together "**MO'S** Marks") have come to represent and embody the valuable goodwill associated with Mo's restaurants.

## MSG'S INFRINGEMENT

23.    MSG is using the mark "**MOE'S**" in connection with its fast-growing chain of "fast-casual" Mexican restaurants.

24.    MSG's restaurants officially bear the name of "Moe's Southwest Grill," but the "Southwest Grill" portion of the moniker is deemphasized in both size and prominence, or omitted entirely, on the restaurants' signs, menus and other trade dress.

25.    MSG is a franchise operation that started in Atlanta, Georgia in approximately 2001.  Since then the franchise has expanded to over 200 locations nationally and is one of the fastest growing new franchises in the United States.

26.    MSG recently opened the first **MOE'S**-branded restaurant north of Ventura County, California and west of Colorado.  That restaurant is located in Wilsonville, Oregon.  On information and belief the Wilsonville restaurant opened in late April, 2005.  On information and belief MSG has plans to open 20 **MOE'S**-branded restaurants in Oregon with at least twelve of them in the Portland metro area.

27.    MSG has registered with the United States Patent and Trademark Office the marks **MOE'S SOUTHWEST GRILL** and **MOE'S SOUTHWEST GRILL (& Design)** and has two pending trademark applications for **WELCOME TO MOE'S** and a pending application for **MOE'S KNOWS BURRITOS** (together "**MOE'S** Marks").

28.    In addition, MSG uses the term **MOE'S**, standing alone, on signage, menus, information materials and advertising.

29.    On information and belief, upon entering a Moe's restaurant the greeting "Welcome to Moe's" is shouted at the restaurant patron.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

30.    MSG's **MOE'S** mark is essentially identical and confusingly similar to the **MO'S** mark.

31.    MSG's **WELCOME TO MOE'S** mark is essentially identical and confusingly similar to the **HI, WELCOME TO MO'S** mark.

32.    MSG's **MOE'S** and **WELCOME TO MOE'S** marks are used in connection with identical services provided by Mo's under the **MO'S** and **HI, WELCOME TO MO'S** marks: restaurant services.

33.    MSG's use of the **MOE'S** and **WELCOME TO MOE'S** marks is without Mo's consent or permission.

34.    MSG has constructive knowledge of Mo's ownership of the **MO'S** mark pursuant to 15 U.S.C. § 1072, and has had such knowledge from the time it adopted the **MOE'S** mark. MSG also has actual and direct knowledge of the **MO'S** and **HI, WELCOME TO MO'S** marks and it is aware, or should be aware, that it is infringing upon those marks.

35.    MSG's use of the **MOE'S** and **WELCOME TO MOE'S** marks is likely to create confusion, mistake, or deception as to the source, sponsorship or approval of MSG's goods or services, and is likely to suggest to the consuming public that MSG's goods or services are in some way legitimately connected with or sponsored or licensed by Mo's, or are the goods or services of a company legitimately connected with, approved by, or related to Mo's.

36.    Having actual and constructive knowledge of Mo's rights in the **MO'S** and **HI, WELCOME TO MO'S** marks, MSG's use of the **MOE'S** and **WELCOME TO MOE'S** marks has been willful and deliberate and with the intent to trade off of Mo's goodwill.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114(1))

37.    Mo's realleges and incorporates by reference paragraphs 1 through 36 above.

38.    MSG's actions described above constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the registered **MO'S**

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

mark, and MSG's sale, offering for sale, distribution or advertising of goods and services under the **MOE'S** mark is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1), constituting trademark infringement under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1125.

39.    As a direct and proximate result of the foregoing actions of MSG, Mo's has been and is likely to continue to be substantially injured in its business, including its reputation, resulting in lost revenue and profits, and diminished goodwill, reputation and ability to expand.

40.    Mo's has no adequate remedy at law because its registered **MO'S** mark is unique to it and represents to the public its identity, reputation and goodwill, such that damages alone cannot fully compensate Mo's for MSG's misconduct.

41.    Unless enjoined by this Court, MSG will continue to use and infringe upon Mo's registered mark which will cause irreparable injury to Mo's.  This present and future threat of injury to Mo's business, identity, goodwill and reputation requires injunctive relief to prevent MSG's continued use and infringement of Mo's registered mark and to ameliorate and mitigate Mo's injury.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under 15 U.S.C. § 1125(a))

42.    Mo's realleges and incorporates by reference paragraphs 1 through 41 above.

43.    MSG's actions described above constitute unfair competition, false designation of origin, false or misleading descriptions or representations of fact, false advertising, and/or unfair or deceptive trade practices, in that they are likely to cause confusion or cause mistake, or to deceive others as to the affiliation, connection or association of MSG's restaurant services with those provided by Mo's, or as to the origin, sponsorship or approval of MSG's restaurant services, all in violation of 15 U.S.C. § 1125(a).

44.    As a direct and proximate result of the foregoing acts, practices and conduct of MSG, Mo's has been and is likely to be substantially injured in its business, including its

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

reputation, resulting in lost revenues and profits, and diminished goodwill, reputation and ability to expand.

      45.    Mo's has no adequate remedy at law because the **MO'S** Marks are unique and represent to the public Mo's identity, reputation and goodwill, such that damages alone cannot fully compensate Mo's for MSG's misconduct.

      46.    Unless enjoined by this Court, MSG will continue to unfairly compete, falsely designate the origin of its goods and services, make false descriptions or representations, and use the **MO'S** Marks to cause confusion to the irreparable injury of Mo's.  This threat of future injury to the business, identity, goodwill and reputation of Mo's requires injunctive relief to prevent MSG's continued unfair competition, false designation of origin, false descriptions or representations, and use of the **MO'S** Marks, and to ameliorate and mitigate the injury to Mo's.

### THIRD CLAIM FOR RELIEF

### (Dilution under 15 U.S.C. § 1125(c))

      47.    Mo's realleges and incorporates by reference paragraphs 1 through 46 above.

      48.    The **MO'S** Marks are famous within the meaning of 15 U.S.C. § 1125(c).

      49.    MSG's use in commerce of the **MO'S** Marks is without the permission, consent or authorization of Mo's and has diluted and is now diluting, blurring and/or tarnishing the reputation of Mo's unique, distinctive and famous trademarks, thereby diminishing their value.

      50.    On information and belief, MSG's adoption and use of the **MO'S** Marks was and is intended to appropriate and trade upon the goodwill and reputation associated with Mo's famous trademarks, and was undertaken in bad faith and in disregard of the resultant damage and injury to Mo's and its trademarks.

      51.    The acts of MSG constitute dilution of the distinctive quality of the famous **MO'S** Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

      52.    MSG has acted intentionally, willfully and in bad faith.

Page 8 - COMPLAINT

53. MSG's acts have caused, are causing, and unless enjoined by this Court will continue to cause, irreparable harm to Mo's.

54. Mo's has suffered damages as a result of MSG's dilution of the **MO'S** Marks.

**FOURTH CLAIM FOR RELIEF**

**(Trademark Infringement under ORS 647 *et seq.*)**

55. Mo's realleges and incorporates by reference paragraphs 1 through 54 above.

56. MSG's use of the **MOE'S** mark is without the consent of Mo's, and MSG's actions constitute an infringing use of a reproduction, counterfeit, copy or colorable imitation of the **MO'S** mark and MSG's sale and advertising of its goods and services on or in connection with the **MOE'S** mark is likely to cause confusion or mistake or to deceive the public as to the source or origin of such goods and services constituting trademark infringement under the Trademark Laws of the State of Oregon, in violation ORS § 647.095(1)(a).

57. MSG's actions described above constitute an infringing use of a reproduction, counterfeit, copy or colorable imitation of the **MO'S** mark, and MSG's application of such reproduction, counterfeit, copy or colorable imitation of the **MO'S** mark to labels, signs, prints, packages, wrappers, receptacles and advertisements intended to be used upon or in conjunction with the sale of other distribution in Oregon of such goods and services constituting trademark infringement under the Trademark Laws of the Oregon, in violation ORS § 647.095(1)(b).

**FIFTH CLAIM FOR RELIEF**

**(Violation of Oregon's Unlawful Trade Practices Act ORS §646.605 *et seq.*)**

58. Mo's realleges and incorporates by reference paragraphs 1 through 57 above.

59. MSG's use of the **MOE'S** Marks in its business is causing likelihood of confusion and misunderstanding as to the source, sponsorship, approval, or certification of its goods and services.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

60.     MSG's use of the **MOE'S** Marks in its business is causing likelihood of confusion and misunderstanding as to the affiliation, connection or association with or certification by Mo's.

61.     The acts of MSG constitute a violation of ORS § 646.608 (b) and (c).

62.     MSG has acted intentionally, willfully and in bad faith and Mo's has suffered an ascertainable loss.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

63.     Mo's realleges and incorporates by reference paragraphs 1 through 62 above.

64.     The acts of MSG constitute trademark infringement in violation of Oregon common law.

65.     MSG's acts have caused, are causing, and unless enjoined by this Court will continue to cause, irreparable harm to Mo's.

66.     Mo's has suffered damages as a result of MSG's common law trademark infringement.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

67.     Mo's realleges and incorporates by reference paragraphs 1 through 66 above.

68.     The acts of MSG constitute unfair competition in violation of Oregon common law.

69.     MSG's acts have caused, are causing, and unless enjoined by this Court will continue to cause, irreparable harm to Mo's.

70.     Mo's has suffered damages as a result of MSG's common law unfair competition.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

## PRAYER

WHEREFORE, Mo's prays that:

71.     This Court find, adjudge and decree that the **MO'S** Marks are valid and enforceable and that MSG has violated the laws of the United States and the State of Oregon, as set forth herein.

72.     MSG, its franchisees, agents, servants, employees and attorneys, and all other persons in active concert or participation with MSG, be preliminarily and permanently enjoined and restrained from:  (a) using the **MOE'S** Marks or any other name or mark that constitutes a colorable imitation of the **MO'S** Marks in connection with restaurant services, food products, clothing and glassware;  (b) registering the **MOE'S** Marks or any other name or mark that constitutes a colorable imitation of the **MO'S** Marks in connection with restaurant services, food products, clothing and glassware in any state or with the Unites State Patent and Trademark Office (c) otherwise infringing the **MO'S** Marks or using any similar designation, alone or in combination with any other components; (d) causing likelihood of confusion or injury to the business, reputation or goodwill or reputation of Mo's and its services; (e) causing likelihood of confusion or misunderstanding to the source or sponsorship of MSG's services; and (f) from doing any other act which is likely to dilute the distinctiveness of the **MO'S** Marks or injure Mo's business reputation.

73.     MSG be required to pay Mo's all damages Mo's has suffered by reason of MSG's use of the **MOE'S** Marks (and all other marks that include the term "Moe's") and MSG's unfair competition.

74.     MSG be required to account for and pay to Mo's all revenue derived from its operations through its use of the **MOE'S** Marks (and all other marks that include the term "Moe's") and MSG's unfair competition.

75.     This Court find that MSG had knowledge of Mo's ownership of the **MO'S** Marks and, therefore, MSG's actions constitute willful infringement.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

76.     MSG be required to pay Mo's three times MSG's profits or Mo's damages, whichever is greater, pursuant to 15 U.S.C. § 1117, and three times Mo's damages, up to $10,000 pursuant to § 647.105

77.     MSG be required to pay Mo's reasonable attorneys' fees, expert witness fees and disbursements incurred herein, including costs.

78.     Mo's recover prejudgment interest from MSG.

79.     MSG's federal trademark registrations for MOE'S SOUTHWEST GRILL Reg. No. 2,650,129, MOE'S SOUTHWEST GRILL (and Design) Reg. No. 2,699,371 be declared invalid and cancelled, pursuant to 15 U.S.C. § 1119.

80.     Mo's have such other and further relief as this Court deems just and equitable.

DATED this 28th day of June, 2005.

**DAVIS WRIGHT TREMAINE** LLP


By    /s/ David C. Rocker
     **DAVID A. ROCKER, OSB #94421**
     **davidrocker@dwt.com**
     **SHEILA F. MORRISON, OSB #03262**
     **sheilamorrison**@dwt.com
     Telephone: (503) 241-2300
     Facsimile (503) 778-5299
     Attorneys for Plaintiff

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1286589v5 56295-8

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.