**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**LANE POWELL PC**
601 SW 2nd Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **NEWPORT PACIFIC CORPORATION** and **MO'S ENTERPRISES, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MOE'S SOUTHWEST GRILL, LLC**, and **WRAPS OF THE NORTHWEST, L.L.C.,**<br><br>Defendants. | No. 05-00995-KI<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**<br><br>By All Parties |

To facilitate the production and receipt of information in this action, the parties stipulate and agree, through their respective counsel, to the entry of the following order for the protection of confidential and trade secret information that may be produced or otherwise disclosed during the course of this action by any party or non-party in this action:

1.  Documents and things produced during the course of discovery deemed by the party or non-party producing or disclosing the documents and things ("the Producing Party") to contain confidential information may be designated as confidential by the Producing Party by marking the document or thing with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as the Producing Party deems appropriate

PAGE 1 -   STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

pursuant to the terms of this order. Use of any information or document subject to this protective order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

2.  The parties and third parties may designate as "CONFIDENTIAL" documents, testimony, or other materials produced in this case that contain confidential business or commercial information. If any party to this action or third party reasonably claims that any document or other material produced by such party or third party is confidential, or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "CONFIDENTIAL."

3.  The parties and third parties also may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents, testimony, or other materials produced in this case that contain confidential business or commercial information as to which the producing party reasonably/in good faith contends it would suffer competitive injury if such information were to be disclosed to the other party. If any party to this action or third party reasonably/in good claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

4.  Materials designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

   a.  the Court and its officers;

   b.  outside counsel at the law firms of record in this case, employees of outside counsel engaged in the conduct of this action, translators, computer evidence service providers, and outside litigation support providers retained by authorized outside counsel, such

PAGE 2 -   STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

707803.0001/534393.1

**LANE POWELL PC**
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100  FAX (503) 778-2200

as graphics services, trial technology companies, photographers, videographers, and similar support providers, who shall use such information solely for purposes of this litigation;

        c.    third-party experts or independent consultants engaged by counsel or by the parties to assist in this litigation ("Experts"), who shall use such information solely for purposes of this litigation, provided that each Expert signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents, or things;

        d.    officers, directors, in-house counsel, and employees of the receiving party with need to see the confidential information, who shall use such information solely for purposes of this litigation;

        e.    witnesses or deponents whose testimony is reasonably related to the confidential information sought to be disclosed to him or her; and

        f.    employees of copy, microfilm, or database services who are engaged by the parties during the litigation of this action.

    5.    Materials designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

        a.    the Court and its officers;

        b.    outside counsel at the law firms of record in this case, and employees of outside counsel engaged in the conduct of this action, who shall use such information solely for purposes of this litigation;

        c.    Experts, who shall use such information solely for purposes of this litigation, provided that the Disclosing Party and the Expert comply with all requirements of paragraph 2(c) above;

        d.    the authors and original recipients of the documents; and

PAGE 3 -    STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

e. employees of copy, microfilm, or database services who are engaged by the parties during the litigation of this action.

6. With regard to marking documents and things with the appropriate confidentiality classification, each page of the document that contains confidential information shall be so marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

7. Any written discovery response containing confidential information shall be marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate, and shall be bound separately from responses not containing confidential information.

8. In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," as appropriate. Each party shall have twenty (20) days from the date on which the deposition transcript is first available to the parties to designate portions thereof in accordance with the terms of this protective order, and the deposition transcript shall be treated as confidential, attorneys' eyes only by the parties until the expiration of this twenty (20) day period. The Producing Party may exclude from the deposition any individual not entitled to access to the Producing Party's confidential or confidential-attorneys' eyes only information during portions of any deposition during which such information will be disclosed.

9. Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony, or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" subsequent to its first disclosure or

PAGE 4 - STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

production; provided, however, that any such subsequent designation: (a) must be in writing; (b) must specifically identify the document, thing, testimony, or information so designated; and (c) shall only apply to the treatment and disclosure of such documents, things, testimony, or information by the receiving party after such written designation is received by the receiving party. When a Producing Party designates information or materials "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this order.

10. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to this order and shall promptly forward a copy thereof to counsel for the Producing Party upon request or after the conclusion of this litigation, if not requested previously.

11. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony, or other materials designated by them as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this protective order; shall use their best efforts to act in good faith to separate out and segregate documents, things, and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

12. Nothing in this protective order shall be taken as or constitute an indication or acknowledgment by the receiving party that any information, documents, testimony, or things are in fact confidential or are entitled to confidential treatment. To the extent the receiving party disagrees with the designation of any information, documents, testimony, or things as confidential or confidential-attorney's eyes only, the party shall confer in good faith with the

PAGE 5 -   STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Producing Party in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement following such good faith conference, the receiving party may seek an order from the Court at any time thereafter determining that the information, documents, testimony, or things are not entitled to the confidentiality protection signified by the confidentiality legend on the document pursuant to the terms of this order. Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall, however, remain subject to the provisions of this protective order unless and until the Court determines that such materials are not entitled to such protection. The prevailing party in any motion filed with the Court regarding the designation of documents under this order shall be entitled to recovery of its reasonable attorneys' fees and costs incurred in connection with the motion.

13. All discovery materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that are filed with the Court, and all pleadings, motions, or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this protective order, and shall be kept under seal until further order of the Court; provided, however, that such information shall be available to the Court and to persons listed in paragraphs 2 or 3 above, as appropriate given the nature of the confidentiality legend affixed to the information. If a party wishes to use or reference during any hearing or at trial any material designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the party shall disclose the information only in closed court, absent subsequent agreement of the parties or order of this Court.

14. Upon final termination of this litigation not subject to further appeal, each party and non-party may request the return to it of all documents or other confidential materials previously furnished to any other party hereunder, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or

PAGE 6 -   STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to all parties. Counsel for the parties shall certify in writing within sixty (60) days of final termination of this litigation that all third party confidential materials have been returned to the Producing Party or destroyed, as requested by the Producing Party; provided, however, that outside counsel for the parties may retain confidential pleadings, court papers, and written discovery for their files.

15. This order shall remain in force and effect until modified, superseded, or terminated by further order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony, or things.

16. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this protective order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

17. If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the party shall, in writing, inform counsel for the party or the witness claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court, and the burden shall be on the party claiming confidentiality from this protective order.

PAGE 7 - STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this protective order.

19. Nothing in this order shall prevent a party from disclosing or using any of its own documents, information, or things as it deems appropriate; provided, however, that disclosure or use in a manner inconsistent with the terms of this order could result in the loss of confidentiality of the document, information, or thing.

20. Nothing in this order shall prevent a party from disclosing or using any information that is pubic knowledge, including, but not limited to, any information lawfully acquired from a third party under no obligation to maintain the confidentiality of the information, information independently developed by the Disclosing Party, and information known to the Disclosing Party prior to entry of this order.

SO ORDERED, this __21__ day of __Sept__, 2005.

_____
HON. GARR M. KING
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO BY:

_____  
David A. Rocker, OSB No. 94421  
Sheila F. Morrison, OSB No. 03262  
DAVIS WRIGHT TREMAINE LLP  
1300 SW Fifth Avenue, Suite 2300  
Portland, Oregon 97201  
Telephone: (503) 241-2300  
Facsimile: (503) 778-5299  

*Attorneys for Plaintiffs Newport Pacific Corporation and Mo's Enterprises, Inc.*

Dated: __9/20/05__

_____  
Kenneth R. Davis, II, OSB No. 97113  
LANE POWELL PC  
601 SW 2nd Avenue, Suite 2100  
Portland, Oregon 97204-3158  
Telephone: (503) 778-2100  
Facsimile: (503) 778-2200  

*Attorneys for Defendants Moe's Southwest Grill, LLC and Wraps of the Northwest, LLC*

Dated: _____

PAGE 8 -   STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

# EXHIBIT A

## DECLARATION AND AGREEMENT

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America as follows:

1. I am employed by _____ in the capacity of _____.

2. I have read the Stipulated Protective Order Regarding Confidentiality (the "Order") entered in the case *Newport Pacific Corp. et al. v. Moe's Southwest Grill LLC, et al.*, No. 05-00995-KI (D. Or.).

3. I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it.

4. I consent to the jurisdiction of the United States District Court in the District of Oregon for enforcement of the Order and this declaration and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Order.

Date: _____    By: _____

PAGE 9 - STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

LANE POWELL PC
601 S.W. 2ND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
(503) 778-2100 FAX: (503) 778-2200

707803.0001/534393.1