IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NEWPORT PACIFIC CORPORATION, )
and MO'S ENTERPRISES, INC.,           )
                                                        )
                        Plaintiffs,              )          Civil Case No. 05-995-KI
                                                        )
            vs.                                    )          OPINION AND ORDER
                                                        )
MOE'S SOUTHWEST GRILL, LLC, and )
WRAPS OF ARGYLE SQUARE, LLC,     )
                                                        )
                        Defendants.             )

> David Casby Rocker
> Sheila Fox Morrison
> Davis Wright Tremaine, LLP
> 1300 S.W. Fifth Avenue, Suite 2300
> Portland, Oregon  97201-5630
>
>          Attorneys for Plaintiffs
>
> David J. Stewart
> Holly S. Hawkins
> Alston & Bird, LLP
> 1201 West Peachtree Street
> Atlanta, Georgia  30309

Page 1 - OPINION AND ORDER

Kenneth R. Davis, II
Lane Powell P.C.
601 S.W. Second Avenue, Suite 2100
Portland, Oregon  97204-3158

Attorneys for Defendants

KING, Judge:

I previously granted summary judgment in favor of defendants and dismissed with prejudice all of plaintiffs' claims for trademark infringement and trademark dilution.  Before the court are defendants' Motion for Attorney Fees (#94) and Bill of Costs (#98).

## DISCUSSION

I.    Attorney Fees

Defendants seek an award of attorney fees in the combined[1] amount of $655,716 for both defendants.  Plaintiffs' trademark infringement and dilution claims were alleged under various statutes and the common law but all were intertwined with the federal claims alleged under the Lanham Act.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(1).   "When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant."  Stephen W. Boney, Inc. v. Boney Services, Inc., 127 F.3d 821, 827 (9th Cir. 1997).

---

[1]  Because defendants here are aligned and their attorneys worked together, I will not be separating out the fees and costs between the two defendants.  I ask counsel to do the division and come to the court if they cannot reach agreement.

Page 2 - OPINION AND ORDER

Defendants contend that plaintiffs' dilution claim was patently unreasonable in light of Ninth Circuit case law because there was no evidence that the trademark enjoyed nationwide fame. Concerning the infringement claim, defendants argue that plaintiffs stubbornly continued to pursue a nationwide injunction even though they conceded that only the Moe's Southwest Grill located in Wilsonville, Oregon was causing any current damage.

Plaintiffs object to an award of attorney fees because they claim that this was a close case. Plaintiffs contend that they were trying to extend the law so that regional fame, as opposed to national fame, would be sufficient to support a dilution claim. Plaintiffs further contend that their niche market theory argument was not frivolous. For the infringement claim, plaintiffs note that the discussion at oral argument indicates their agreement that the court should impose an injunction it determined was geographically reasonable.

There is no evidence that plaintiffs prosecuted this action in bad faith. Although I agree that it was unlikely that I would have granted a nationwide injunction, even if plaintiffs prevailed, nearly all plaintiffs that come before me seek damages or other remedies greater than what they are finally awarded. I also conclude that plaintiffs' claims were not groundless or unreasonable. Their dilution argument was a valid attempt to extend the law to cover their situation in a regional market. There were enough similarities between the trademarks to support the infringement claim, even though I granted summary judgment against plaintiffs. In summary, I conclude that this was not an exceptional case. I decline to award attorney fees to defendants.

Page 3 - OPINION AND ORDER

I.    <u>Costs</u>

Defendants seek costs under the Lanham Act in the amounts of $6,512.49 for travel costs and $1,880.18 for telephone, facsimile, shipping, and postage costs.  Defendants cite to several district courts which have allowed these costs under the Lanham Act.

Plaintiffs argue that the Lanham Act does not allow a prevailing defendant to recover costs.

"When a violation of any right . . . [has] been established . . ., the plaintiff shall be entitled . . . to recover the costs of the action."  15 U.S.C. § 1117(a).

I agree with plaintiffs.  Although the Act allows attorney fees to be awarded to the prevailing party, and thus possibly to a prevailing defendant, the Act only allows for costs to be awarded to a plaintiff who has proven a violation of the Act.  Consequently, I decline to award these costs.

Defendants also seek costs as the prevailing parties under 28 U.S.C. § 1920.

Fed. R. Civ. P. 54(d)(l) provides, in part:  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  This rule is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case."  <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 235 (1964).  Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the discretion to grant costs does not include the authority to tax costs beyond those authorized by statute or contract. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Thus, the discretion granted under Rule 54(d) allows a court to decline to tax costs, but does not authorize a court to award excess costs in the absence of a "specific congressional command." Id. at 442.

Plaintiffs do not object to the costs sought for depositions, prevailing party fees, and fees for copying. Accordingly, I award a combined total of $28,022.13 for these costs.

Plaintiffs object to the cost of $4,139.16 for photographing plaintiffs' restaurants.

The cost for demonstrative evidence, including photographs and graphic aids, can fall within taxable costs under § 1920(4)'s provision for "exemplification and copies of papers" if the evidence is necessarily obtained for use in the case. Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767, 770 (9th Cir. 1988).

Here, photographs of the restaurants were important in the analysis of the trademark infringement.  The cost seems excessive, however.  I was not able to find the invoice to determine how the amount was broken down.  Thus, I decline to award the photography costs.

### CONCLUSION

Defendants' Motion for Attorney Fees (#94) is denied.  The Bill of Costs (#98) is granted in the amount of $28,022.13.

IT IS SO ORDERED.

Dated this ____29th_____ day of November, 2006.

_____/s/ Garr M. Kiing_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER